Mann *v.* Butler.

## Mann *vs.* Butler and others.

Where the associates, or shareholders, of a private association are numerous, a bill may be filed by one of such associates, in behalf of himself and all the others against the trustees of such association, to compel the execution of the trust, and for an account and distribution of the funds and property of the association among the shareholders. And it is not necessary that all of the associates should unite in a bill for that purpose.

Where the legal title to trust property is in the trustees, so that a decree directing a sale of the property, either by the trustees or by a receiver, will give a good and valid title to a purchaser, if the cestuis que trust are numerous, or if some of them are unknown, it is not necessary to make them all parties to a bill to compel the execution of the trust, and for an account and distribution; but a part may sue in behalf of themselves and others. And the court will see that the rights of all to their distributive shares of the trust fund are protected by the decree in the cause.

Where it was provided, by one of the articles of association of a private company, that within six years from the date of such articles, the trustees should proceed to take measures for closing the concerns of the association, and to that end should cause all effects and securities held by them, or by the association, to be collected, or converted into money, and all the property to be converted into money, by sale or otherwise, as fast as practicable; and should, from time to time, declare and pay to the shareholders dividends on the capital stock, until all the property and effects of the association should be divided among the stockholders; *Held*, that although it might not be for the interest of all the shareholders, or even of a majority of them, to have the property and effects of the association converted into money, and distributed, at the time specified in the articles of association, yet, if any of the shareholders desired to have it done for their benefit, they had a right to insist that the written contract should be carried into effect, according to its spirit and intent, without any unreasonable delay.

Mann *v.* Butler.

*Held also*, that if the lands could not be disposed of for cash, at private sale, the trustees should sell them at auction; after giving reasonable notice to the shareholders, so that they might attend the sale and see that the property was not sold below its cash value. And that the same disposition should be made of the bonds and mortgages, and other securities, if they could not be collected, or sold at private sale, within a reasonable time.

THIS cause came before the chancellor upon the demurrer of the defendants to the bill of complaint. The bill was filed by the complainant, as one of the associates or shareholders of a private association called The American Land Company, in behalf of himself and all the other shareholders, against the defendants as the trustees of the association, to compel the execution of the trust, and for an account and distribution of the property and funds of the association among the shareholders. The association was formed in July, 1835, with a capital of one million of dollars, divided into ten thousand shares, of $100 each, transferable in the manner provided by the articles of association ; and its object was to purchase and sell lands within the United States, for the benefit of the members of the association. The articles of association provided, that the affairs, property and concerns of the company should be managed by five trustees, in whom the legal title to all lands purchased for the benefit of the associates was to be vested, as joint tenants, and not as tenants in common, and without specifying any trust in the conveyances by which such lands were acquired. The powers and duties of the trustees, as prescribed by the 15th article of the agreement or articles of association, were as follows:

1. To receive and take charge of all moneys which should be paid on account of the capital of the association, or which should accrue to the association from sales, or in any other way, or to which it might in any way be entitled.

2. To invest the capital of the association and all other moneys which the trustees should receive on account thereof, over and above the actual expenses of the trust, in the purchase of lands in the southern and western states and territories of the United States, and in such other state or states as they might think expedient.

3. To sell and convey, from time to time, as they might find opportunity, any part, or all, of the land so to be purchased by them, and to take such securities for the purchase money as they should think fit.

4. To pay, from time to time, out of the funds of the association, the compensation of persons employed by them, and all other necessary expenses.

5. To make dividends from time to time, to and among the several shareholders, of such profits as should accrue to the association over and above the amount of its capital and debts; for the satisfaction of which, an equivalent amount of lands at their cost to the association, or of good securities, should be kept until the end of six years from the date of the articles of association, or the trustees, in their discretion, might accumulate such profits and re-invest the same in the purchase of other lands for the benefit of the association.

6. To make all contracts, and do all lawful things and acts which might be necessary or proper to carry into effect the objects of the association.

And the twenty-fourth article of the agreement of the associates further provided, that immediately after the expiration of six years from the date of such agreement, the trustees for the time being should proceed to take measures for closing the concerns of the association; and to that end, should cause all effects and securities held by them or the association to be collected, or converted into money, and all the property of every description then held by such association, to be converted into money, by sale or otherwise, as fast as the same could be done; and should, from time to time, declare and pay to the shareholders of the capital of the association, dividends thereon, until all the property and effects of the association should be fully and justly divided among the holders of such shares.

The bill in this cause was filed in July, 1846, and stated, among other things, that the whole capital of the association was subscribed for, and paid to the trustees; that they invested it in the purchase of lands which were conveyed to the then trustees, according to the provisions of the articles of association,

Mann *v.* Butler.

during the years 1835 and 1836; that two of the original trustees had resigned, and two of the defendants in this suit had been duly appointed in their places, and had become vested with their title to the trust property; that the trustees had sold considerable quantities of the lands purchased by them, upon long credits, and taken back securities for the payment of the purchase money, which securities still remained in their hands not converted into money; that other portions of the trust lands had been exchanged for stocks; that about two hundred and seventy thousand acres of the lands, situated in the states of Ohio, Indiana, Illinois, Mississippi, Arkansas, and Georgia, and in the territory of Wisconsin, of the estimated value of about one million of dollars, remained in the hands of the defendants, as trustees, unsold and undisposed of by them; and that bonds and mortgages, and other securities, for lands sold, to the amount of more than $300,000, also remained in the hands and under the control of the defendants uncollected and undisposed of; contrary to the provisions of the articles of association and the obligations and duties of the trustees; that one of the original trustees had become insolvent and had absconded to parts unknown, and that all his interest in the lands and funds of the association had been duly transferred and conveyed to the defendants, the four remaining trustees, so that he had ceased to be a trustee according to the articles of association, but that no person had since been appointed a trustee in his place. And the complainant prayed that a suitable and proper person might be appointed to supply the vacancy.

The bill further stated that the persons who now claimed to be shareholders, or to have an interest in the property and effects of the association, exceeded one hundred and forty individuals, most of whom were unknown to the complainant; that some of them resided in Massachusetts, some in Canada, and some in Great Britain, and that the residences of others were unknown to him and could not be ascertained upon diligent inquiry; so that it was impracticable to make them parties to this suit, or to prosecute the same effectually if they should all be made defendants therein. The complainant also charged, in his bill,

that he had at different times since the expiration of the six
years, applied to the defendants to take immediate and effectual
measures to close the concerns of the association, and to cause
all the property, effects and securities to be converted into
money, by sale or otherwise, and to divide the avails and pro-
ceeds thereof among the shareholders according to the provis-
ions of the articles of association; but that they utterly neglected
and refused to do so, alleging sometimes that it was improper
and impolitic, at other times that it would cause a great sacri-
fice of the securities and lands, at other times that they were
not bound to do so by the articles of the association, and at
other times that it was impossible to close the affairs of the as-
sociation, or to agree among themselves, or with the sharehold-
ers, upon any plan of collection, or of sale, or of proceedings to
close the concern in a safe and·expedient manner; the contra-
ry of all which allegations and pretences, the complainant ex-
pressly charged.

The bill prayed a discovery from the defendants of the par-
ticulars of the property and effects of the association, and the
situation and estimated value thereof, and of the names and
residences of the shareholders and the number of shares held by
each; and that the lands remaining unsold might be sold and
converted into money, by the defendants, under the direction
and decree of the court; and that the securities might also be
collected, or sold and converted into money, and the moneys
divided among the shareholders, or that the property and effects
of the association might be transferred to a receiver to sell and
distribute the proceeds under the order and direction of the
court, or for such other relief as the complainant and the other
shareholders were entitled to upon the case made by the bill.

The defendants demurred to all the discovery and relief
prayed by the bill, except as to the insolvency and absconding
of one of the trustees, and the transfer of his interest to the de-
fendants and their neglect to appoint a new trustee in his place,
and as to the appointment by the court of a trustee to supply
the vacancy.

Mann *v.* Butler.

*A. Mann, Jun.,* complainant, in person.

*F. F. Marbury & B. F. Butler,* for defendants.

THE CHANCELLOR. Although the question of parties was not raised by the demurrer, upon the record, yet, as it was raised *ore tenus,* upon the argument, it may be necessary to consider it. And there can be no doubt, upon the facts stated in the complainant's bill, that this is not a case in which it was necessary to make all the shareholders of the association parties to the suit by name; but that the bill is properly filed by one of the shareholders in behalf of himself and all the others who have a common interest with him in having the effects of the association converted into money, and distributed among the several shareholders according to the provisions of the articles of association. The bill shows that there are at least one hundred and forty persons claiming to be shareholders; and if they were all within the jurisdiction of the court, and known to the complainant, it would be very inconvenient, if not wholly impracticable, to make them all defendants and to bring the suit to a termination during the present generation. For with so many parties before the court, the suit would probably abate, by death or otherwise, as fast as the necessary proceedings could be had to revive, from time to time.

Nor is this one of those cases in which it is necessary for the protection of the rights of any of the parties in interest, that all the shareholders should be before the court. The defendants have not only the whole legal power and disposition of the property, but the articles of association expressly provide that the conveyances shall be taken to them, without specifying that the lands are held in trust for any persons as cestuis que trust. A decree, therefore, directing a sale of the property, either by the defendants or by a receiver appointed by the court and to whom they may transfer the title to the lands which is now in them, will give a good and valid title to the purchaser. Where that is the case, if the cestuis que trust are numerous, or if some of them are unknown, it is not necessary to make them

all parties to the suit; but a part may sue in behalf of themselves and others.    And the court will see that the rights of all to distributive shares of the trust fund is protected by the decree in the cause. (*Court* v. *Jeffery*, 1 *Sim. & Stew. Rep.* 105. *Douglass* v. *Horsefall*, 2 *Idem*, 184. *Adair* v. *New River Company*, 11 *Ves.* 444. *Good* v. *Blewitt*, 13 *Idem*, 397. 19 *Idem*, 336, S. C. *Taylor* v. *Salmon*, 4 *Myl. & Craig*, 142.)

The defendants are also wrong in supposing that this is not a proper case to file a bill to compel the execution of the trust; even if the trustees have acted in good faith in delaying the sale of the lands, and the conversion of the securities into money, for more than five years after the time specified in the articles of association for that purpose. Although it may not be for the interest of all the shareholders, or even of a majority of them, to have the property and effects of the association converted into money and distributed, at the time specified in the articles of association, yet if some of the shareholders wish it done for their benefit, they have a right to insist that the written contract shall be carried into effect according to its spirit and intent, without any unreasonable delay. And if the lands cannot be disposed of for cash at private sale, the trustees should sell them at auction; after giving reasonable notice to the shareholders, by public advertisements or otherwise, so that they may attend the sale and see that the property is not sold below its cash value. The same disposition should be made of the bonds and mortgages, and other securities, if they cannot be collected, or sold at private sale, within a reasonable time. And such was un doubtedly the intention of the associates originally. For the 24th article provides that at the expiration of the six years the trustees shall cause the securities held by them to be collected, *or converted into money*. That is, if they cannot be collected without any unreasonable delay, either because they have not become payable or otherwise, they shall be converted into money by a sale thereof for cash. The complainant, therefore, has the right to insist that the trustees shall proceed without any unreasonable delay, to close up their trust. And if the trustees cannot agree among themselves as to the time and manner of disposing of

Mann *v.* Butler.

the property, &c. as they allege, it is the duty of the court to direct as to the manner in which it shall be done.

There is nothing in the 27th article which is inconsistent with the 24th, or which authorizes a majority of the shareholders to delay the winding up of the affairs of the association, after the expiration of the six years. The article providing for the annual meeting, it is true, gives to the shareholders the power to give such directions, and to take such orders concerning the capital and property of the association and the management and disposition thereof, as they may think proper; but that power is limited by a proviso that such orders and directions shall be consistent with the other provisions of the articles of association. And they must also be assented to by a majority in interest of all the shareholders. A majority of shareholders, at such annual meeting, have not the power, without the consent of all the associates, to give any order or direction which shall delay or impede the closing up of the affairs of the association, at the time and in the manner prescribed in the 24th article. It was not necessary, therefore, that the complainant, by his bill, should allege that no such order or direction had been given.

If the allegations in the bill are true, the complainant is entitled to the discovery and relief covered by this demurrer. And the question as to the good faith of the trustees in delaying the sale of the lands and securities, for the length of time which has elapsed since the expiration of the six years, can only properly be considered upon the final hearing; in reference to the question of costs, &c.

The demurrer must be overruled, with costs; and the defendants must pay those costs and put in their answer within forty days, or the bill must be taken as confessed against them, unless further time to answer is given by a judge of the supreme court.